1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   LUIS SALAZAR JUAREZ,                   Case No.:  25-cv-1432-WQH (JLB)
     CDCR #AI-3330,
12                                          **ORDER**
                                Plaintiff,
13
             vs.
14

15   SERGEANT Y. ABDI, et al.,

16                              Defendants.

17

18

19   HAYES, Judge:

20        On June 3, 2025, Plaintiff Luis Salazar Juarez ("Plaintiff"), a state prisoner

21   proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the U.S.

22   District Court for the Eastern District of California. (ECF No. 1.) On June 4, 2025, the

23   action was transferred to this Court. (ECF No. 2.)

24        On July 7, 2025, the Court dismissed the action for failure to pay the filing fee or

25   submit an application to proceed in forma pauperis ("IFP"). (ECF No. 5.) On August 7,

26   2025, Plaintiff filed the pending Motion for Leave to Proceed IFP ("Motion to Proceed

27   IFP"). (ECF No. 6.)

28

1   **I.      Motion to Proceed IFP**

2          All parties instituting any civil action, suit or proceeding in a district court of the

3   United States, except an application for writ of habeas corpus, must pay a filing fee of

4   $405. *See* 28 U.S.C. § 1914(a); *District Court Miscellaneous Fee Schedule*, U.S. Courts

5   (eff.    Dec.    1,    2023),    https://www.uscourts.gov/court-programs/fees/district-court-

6   miscellaneous-fee-schedule. The fee consists of a $350 statutory fee plus an additional

7   administrative fee of $55, although the administrative fee does not apply to persons granted

8   leave to proceed IFP. *See id.* The action may proceed despite a plaintiff's failure to prepay

9   the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

10  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2)

11  requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund

12  account statement (or institutional equivalent) for . . . the 6-month period immediately

13  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d

14  1136, 1139 (9th Cir. 2000). From the certified trust account statement, the Court assesses

15  an initial payment of 20% of (a) the average monthly deposits in the account for the past

16  six months, or (b) the average monthly balance in the account for the past six months,

17  whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1),

18  (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any

19  remaining balance in "installments," regardless of whether their action is ultimately

20  dismissed. 28 U.S.C. § 1915(b)(1)–(2); *Bruce*, 577 U.S. at 84.

21          Plaintiff's prison certificate shows he had an average monthly balance of $100.00

22  and average monthly deposits of $100.00 for the six months preceding the filing of this

23  action, and an available balance of $11.16. (ECF No. 6 at 5.) The Court finds that Plaintiff

24  has no means to pay at this time and declines to assess the $20.00 initial partial filing fee.

25  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed IFP is granted.

26  *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a

27  civil action or appealing a civil or criminal judgment for the reason that the prisoner has no

28  assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*,

25-cv-1432-WQH (JLB)

1  281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety[]

2  valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due

3  to the lack of funds available to him when payment is ordered"). IT IS FURTHER

4  ORDERED that Plaintiff must pay the full $350 filing fee in installments, as set forth in 28

5  U.S.C. § 1915(b)(2).

6  **II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

7      **A.    Standard of Review**

8      Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer

9  screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. Under these statutes, the Court

10  must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous,

11  malicious, fails to state a claim, or seeks damages from defendants who are immune. *See*

12  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

13  § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28

14  U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or

15  malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d

16  903, 920 n.1 (9th Cir. 2014) (internal quotations omitted).

17      "The standard for determining whether a plaintiff has failed to state a claim upon

18  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

19  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

20  1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

21  2012) (noting that § 1915A screening "incorporates the familiar standard applied in the

22  context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule

23  12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state

24  a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

25  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations

26  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

27  by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint

28  states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing

1    court to draw on its judicial experience and common sense." *Id.* at 679. The "mere

2    possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me

3    accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678.

4        42 U.S.C. § 1983 "creates a private right of action against individuals who, acting

5    under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

6    *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). Section 1983 "is not itself a source

7    of substantive rights, but merely provides a method for vindicating federal rights elsewhere

8    conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotations omitted).

9        **B.    Allegations in the Complaint**

10        Plaintiff alleges that on June 1, 2024, while incarcerated at the Richard J. Donovan

11    Correctional Facility ("RJD") in San Diego, California, he suffered from a mental health

12    crisis and alerted Defendant RJD Correctional Officer Perez ("Perez") that he had safety

13    concerns which were causing his mental health to rapidly deteriorate. (ECF No. 1 at 3.) He

14    states that inmates on his C-yard housing unit had made threats to attack him, which caused

15    him to become fearful and paranoid. (*Id.*) Plaintiff was taken to C-yard medical where he

16    was strip searched and placed in a cage, but because neither "medical" nor "custody" took

17    his safety concerns or mental health crisis seriously, he was denied his right to be housed

18    in the Administrative Segregation Unit ("ASU") pending investigation into his safety

19    concerns. (*Id.*) When Plaintiff noticed an inmate-manufactured weapon in the medical

20    facility holding area he began to have "racing thoughts of fear of what was going to happen

21    next." (*Id.* at 3–4.) He picked up the weapon intending to turn it in and to claim he was

22    homicidal or suicidal, which under prison regulations would require his placement in a

23    cage pending a mental health assessment. (*Id.* at 4.)

24        Defendant Perez arrived and began to escort Plaintiff back to his housing unit. (*Id.*)

25    Fearful of returning there, Plaintiff told Defendant Perez he was homicidal and suicidal.

26    (*Id.*) Rather than return Plaintiff to medical as required by regulations, Defendant Perez

27    began threatening Plaintiff and pulled out his handcuffs. (*Id.*) Plaintiff "did the only thing

28    that made sense at the time" and told Defendant Perez he had a knife, lifting his shirt to

1    show the knife. (*Id.*) Prison regulations required Plaintiff to be deemed a threat to security

2    and immediately escorted in handcuffs to ASU. (*Id.* at 4–5.) Defendant Perez took the knife

3    and, along with Defendant RJD Correctional Officer Abdi ("Abdi"), violated those

4    regulations by placing Plaintiff in a cage on C-yard. (*Id.* at 5.) The cage contained a hot pot

5    that could be deemed or used as a weapon, causing Plaintiff to become more scared and

6    paranoid. (*Id.*) After about an hour without food or water Plaintiff began to yell for help,

7    but Defendant Perez failed to notify mental health of Plaintiff's homicidal and suicidal

8    thoughts and plans. (*Id.*)

9         Prison officials decided to place Plaintiff in ASU for possession of a weapon rather

10    than address his safety and mental health concerns, which he claims have still never been

11    documented or taken seriously. (*Id.*) Defendant Perez began escorting Plaintiff to the

12    Triage and Treatment Area ("TTA") instead of ASU and removed the handcuffs so medical

13    could evaluate him, which caused Plaintiff's fight-or-flight reflex to activate. (*Id.* at 6.)

14    Plaintiff begged Defendant Perez to place the handcuffs back on and take him to ASU, but

15    Defendants Perez and Abdi obtained medical approval to take Plaintiff to an outside

16    hospital for reasons that have never been established. (*Id.*)

17         Plaintiff alleges that he had no other option but to assume that Defendants Perez and

18    Abdi were going to kill him or have other inmates kill him and use the knife to frame him.

19    (*Id.*) He felt his life was in danger, and when he refused to get on the transport van,

20    Defendant Perez threatened violence. (*Id.* at 7.) Plaintiff alleges Defendants Perez and Abdi

21    tortured him by pinning him to a steaming hot metal plate near TTA. (*Id.*) Plaintiff

22    screamed in pain as his skin burned off, and although other officers were in the area, no

23    one intervened. (*Id.*) Plaintiff identifies those officers as either Defendants or eyewitnesses,

24    and lists their names as Law, Carter, Chavez, Clark, Flores, Moss, Cole, Shelland, Canedo

25    and Chernish. (*Id.* at 8.) By pressing hard to resist being held against the hot metal, Plaintiff

26    suffered a hernia that required surgery. (*Id.*) He alleges Defendant Registered Nurse

27    Yevgeny Chernish ("Chernish") failed to properly clean and treat his wounds, which were

28    caked in dirt and gravel, and failed to accurately document them, which delayed proper

treatment and caused further infection. (*Id.* at 9.) The scars did not heal correctly, and he still has pain from the hernia. (*Id.*)

Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 3.) He also alleges Defendants violated his due process rights "out of retaliation" by filing false reports that led to two disciplinary actions and referring the conduct to the District Attorney for potential criminal proceedings. (*Id.* at 10.) Plaintiff further alleges that Defendant RJD Warden J. Lewis ("Lewis") should have determined that Plaintiff's mental health and safety concerns did not warrant disciplinary action or referral. (*Id.* at 10.) Lastly, Plaintiff alleges Defendants violated his right to "fair and reasonable [] medical care" under the Americans with Disabilities Act ("ADA") by providing inadequate medical treatment. (*Id.* at 11.)

### C.   Analysis

#### 1.   *Eighth Amendment Claims*

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official had a "'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff first alleges Defendants Perez and Abdi subjected him to cruel and unusual punishment in violation of the Eighth Amendment when they held him against a hot metal plate. (ECF No. 1 at 7.) Plaintiff alleges this torture resulted in severe burns, scars, infection, and a hernia requiring surgery. (*Id.*) Prison officials may not "use excessive physical force against prisoners." *Farmer*, 511 U.S. at 832. "[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is that set out

1   in *Whitley*: whether force was applied in a good-faith effort to maintain or restore

2   discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S.

3   1, 6–7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

4        Plaintiff's Eighth Amendment claim is sufficient to survive the "low threshold" of

5   screening under 28 U.S.C. §§ 1915(e)(2) & 1915A(b), with respect to the allegation that

6   Defendants Perez and Abdi caused severe injuries by holding Plaintiff against a hot metal

7   plate without reason or justification. *See Wilhelm*, 680 F.3d at 1123; *Whitley*, 475 U.S. at

8   319; *Farmer*, 511 U.S. at 832; *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions

9   must not involve the wanton and unnecessary infliction of pain."). Accordingly, Plaintiff

10   is entitled to have the U.S. Marshals Service effect service of the Summons and Complaint

11   against Defendants Perez and Abdi. *See* 28 U.S.C. § 1915(d) ("The officers of the court

12   shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P.

13   4(c)(3) ("[T]he court [must] order that service be made by a United States marshal or

14   deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28

15   U.S.C. § 1915.").

16        Plaintiff alleges Law, Carter, Chavez, Clark, Flores, Moss, Cole, Shelland, Chernish,

17   and Canedo were "near the exact area in which multiple officer[s] kick it on their lunch

18   breaks," but failed to intervene while Defendants Perez and Abdi held him against the plate.

19   (ECF No. 1 at 7–8.) The Eighth Amendment imposes a duty on prison officials to "'take

20   reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832

21   (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Prison officials have a duty to

22   intercede when fellow officers violate the constitutional rights of a plaintiff, but liability

23   does not attach where officers do not have a "realistic opportunity" to intercede.

24   *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000).

25        Plaintiff alleges that Law, Carter, Chavez, Clark, Flores, Moss, Cole, Shelland,

26   Chernish and Canedo were in the general area and witnessed the incident but fails to

27   include specific facts that plausibly allege the officials had a realistic opportunity to

28   intercede. For instance, Plaintiff does not allege facts about the officials' ability to

intervene or the duration of the incident. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (allegations that a defendant caused a deprivation of a plaintiff's federal rights "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Because Plaintiff's Complaint lacks these facts, it fails to plausibly allege an Eighth Amendment failure-to-protect claim against Law, Carter, Chavez, Clark, Flores, Moss, Cole, Shelland, Chernish, and Canedo.

Plaintiff also alleges Defendant Chernish failed to properly clean and treat his wounds, which were caked in dirt and gravel, and failed to accurately document them, which caused a delay in proper treatment and further infection. (ECF No. 1 at 9.) "[T]o prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *Farmer*, 511 U.S. at 835–36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (finding gross negligence insufficient to state claim for inadequate medical care).

Plaintiff fails to allege specific facts indicating that Defendant Chernish was aware of "facts from which the inference could be drawn that a substantial risk of serious harm [to Plaintiff] exist[ed]." *Farmer*, 511 U.S. at 837. Nor does Plaintiff allege that Defendant Chernish actually drew such an inference of a substantial risk, as opposed to simply providing inadequate or negligent treatment. *Id.*; *see also Estelle*, 429 U.S. at 105–07 (holding that an inadvertent failure to provide medical care, mere negligence or medical

25-cv-1432-WQH (JLB)

malpractice, and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that the "mere possibility of misconduct" fails to meet this plausibility standard) (internal quotations omitted).

Accordingly, Plaintiff's Eighth Amendment claims against all Defendants except Perez and Abdi are dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. *Due Process Claim*

Plaintiff alleges the incident reports written by Defendants were false because they all agreed with each other but disagreed with Plaintiff's account. (ECF No. 1 at 10.) Plaintiff further alleges that the referral to the District Attorney for criminal charges, which have not been filed but which Plaintiff fears might one day be filed, was based on the Defendants' false reports. (*Id.*) Plaintiff claims Defendant Warden Lewis had an "ethical duty to review all footage" and dismiss the disciplinary charges based on Plaintiff's mental health crisis. (*Id.*) He alleges that he was "wrongfully found guilty" of the disciplinary charges, which added a year to his sentence and deprived him of privileges. (*Id.*) Plaintiff also alleges Defendants committed the due process violations "out of retaliation." (*Id.*)

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Liberty interests protected by the Due Process Clause are generally "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's allegation that the disciplinary charges were based on false evidence fails

1   to state a due process claim because "a prisoner does not have a constitutional right to be

2   free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F. Supp. 2d 1216,

3   1222 (S.D. Cal. 1997); *see also e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020

4   WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegation of the filing of false

5   disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal

6   due process protections are contained in the ensuing disciplinary proceedings

7   themselves.") Where a protected liberty interest arises, due process requires written notice

8   of the charges and evidence relied on and the reasons for the action taken, an opportunity

9   "to call witnesses and present documentary evidence in [] defense when" doing so "will

10  not be unduly hazardous to institutional safety or correctional goals," assistance at the

11  hearing if necessary, and an impartial factfinder. *Wolff v. McDonnell*, 418 U.S. 539, 564–

12  71 (1974). Plaintiff does not allege he was denied any of those procedural protections. He

13  thus fails to plausibly allege a due process violation arising from the disciplinary

14  proceedings.

15         With respect to Plaintiff's passing reference that the due process violations were

16  "committed out of retaliation" (ECF No. 1 at 10), such allegations are too conclusory to

17  state a retaliation claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements

18  of a cause of action, supported by mere conclusory statements, do not suffice" to state a

19  § 1983 claim). The Ninth Circuit has "repeatedly held that mere speculation that defendants

20  acted out of retaliation is not sufficient" to state a retaliation claim. *Wood v. Yordy*, 753

21  F.3d 899, 905 (9th Cir. 2014).

22         Plaintiff's due process and retaliation claims are dismissed sua sponte pursuant to

23  28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112;

24  *Wilhelm*, 680 F.3d at 1121.

25              3. *ADA Claim*

26         Finally, Plaintiff alleges that Defendants' failure to provide him fair and reasonable

27  medical treatment violated his rights under the ADA. (ECF No. 1 at 11.) To state a claim

28  under the ADA, Plaintiff must allege:

(1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

Plaintiff's Complaint fails to state an ADA claim because it fails to plausibly allege any action by any Defendant was taken "by reason of [Plaintiff's] disability." *Id.* The Complaint also fails to state an ADA claim because it names only individual defendants. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that the "ADA applies only to public entities").

Accordingly, the ADA claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## D.   Leave to Amend

Given Plaintiff's pro se status, the Court grants leave to amend with respect to the dismissed claims. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

## E.   Plaintiff's Options

Because the Court has determined that Plaintiff's Eighth Amendment claim against Defendants Perez and Abdi survives the sua sponte screening process but the remaining claims against the remaining Defendants do not, Plaintiff is given the opportunity to (1) notify the Court of his intent to proceed only with the Complaint's Eighth Amendment claim against Defendants Perez and Abdi; or (2) file a First Amended Complaint that

1  attempts to correct any or all of pleading deficiencies identified in this Order.

2       If Plaintiff notifies the Court he wishes to proceed only with the Eighth Amendment

3  claim against Defendants Perez and Abdi, the Court will issue an Order directing the Clerk

4  to issue the summons as to Defendants Perez and Abdi and direct the U.S. Marshal to effect

5  service of the summons and Complaint on those Defendants, and all remaining claims

6  against all remaining Defendants will remain dismissed from this action.

7  **III.  Conclusion and Orders**

8       IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis

9  (ECF No. 6) is granted. The Secretary of the CDCR or his designee shall collect from

10  Plaintiff's trust account the $350 owed by garnishing monthly payments from his account

11  in an amount equal to twenty percent (20%) of the preceding month's income and

12  forwarding those payments to the Clerk of the Court each time the amount in the account

13  exceeds $10, pursuant to 28 U.S.C. § 1915(b)(2).

14       IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this

15  Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections

16  and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

17       IT IS FURTHER ORDERED that all of the claims in Plaintiff's Complaint, except

18  the Eighth Amendment claim against Defendants Perez and Abdi, are dismissed sua sponte

19  for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.

20  § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

21       IT IS FURTHER ORDERED that Plaintiff shall have forty-five (45) days leave from

22  the date of this Order in which to either: (1) file a Notice of Intent to Proceed with the

23  Eighth Amendment claim against Defendants Perez and Abdi only; or (2) file a First

24  Amended Complaint correcting any or all of the pleading deficiencies identified by the

25  Court in this Order. If Plaintiff chooses to proceed only against Defendants Perez and Abdi,

26  the Court will issue an Order directing the U.S. Marshal to effect service of the summons

27  and Complaint on Perez and Abdi and all remaining claims against all remaining

28  Defendants will remain dismissed.

25-cv-1432-WQH (JLB)

1    If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined
2    in this Order, his Amended Complaint must be complete in itself, without reference to his
3    original pleading. Defendants not named and any claims not realleged in the Amended
4    Complaint will be considered waived. *See* S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc.*
5    *v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended
6    pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.
7    2012) (claims which are not re-alleged in an amended pleading may be considered "waived
8    if not repled.").

9

10   Dated:  October 17, 2025

11                                                    Hon. William Q. Hayes
                                                      United States District Court
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25-cv-1432-WQH (JLB)