UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SALAZAR JUAREZ, CDCR #AI-3330,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT Y. ABDI and CORRECTIONAL OFFICER F. PEREZ,<br><br>Defendants. | Case No.: 25-cv-1432-WQH-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS IN THIS ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) WITH THE EXCEPTION OF THE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS ADBI AND PEREZ, and**<br><br>**(2) DIRECTING U.S. MARSHALS TO EFFECT SERVICE OF THE SUMMONS AND FIRST AMENDED COMPLAINT ON ABDI AND PEREZ PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

HAYES, Judge:

On June 3, 2025, Plaintiff Luis Salazar Juarez, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of California, which was transferred to this Court. (ECF No. 1.) On

October 17, 2025, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require dismissal of a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court found the Complaint plausibly alleged an Eighth Amendment claim against Defendants Perez and Abdi, who are alleged to have caused severe injuries by holding Plaintiff against a hot metal plate without reason or justification, but that it failed to allege a claim against Defendants Chernish, Clark or Lewis. *Id*. at 6–12. The Court dismissed all claims against all Defendants, other than the Eighth Amendment claim against Defendants Perez and Abdi, and gave Plaintiff the option to either (1) proceed with the Eighth Amendment claim or (2) file an amended pleading to attempt to cure the pleading defects of the other claims. *Id*. at 11–12.

On November 21, 2025, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 8.) The FAC names only Perez, Abdi and Chernish as Defendants and includes only an Eighth Amendment claim. *Id*. at 2–3. For the following reasons, the Court finds the FAC once again plausibly alleges an Eighth Amendment claim against Defendants Perez and Abdi, but once again fails to state a claim against Chernish. Because it is clear Plaintiff is unable to state a claim against Chernish, the Court will dismiss Chernish and order the United States Marshal Service to effect service of the summons and FAC on Perez and Abdi only.

**I.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28

U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quotations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotations omitted).

### B.   Allegations in the FAC

On June 1, 2024, while incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Plaintiff was suffering from a severe mental health crisis and alerted Defendant Correctional Officer Perez that he was "experiencing a breakdown and expressed serious safety concerns, stating he felt homicidal and suicidal." (ECF No. 8

25-cv-1432-WQH-JLB

at 2.) Perez failed to notify medical or mental health staff despite his duty and training to do so. *Id*. Plaintiff's "mental condition deteriorated rapidly due to lack of appropriate response from custody and medical staff." *Id*. "During the incident, Defendant Perez and Defendant [Correctional Officer] Abdi used excessive force by slamming plaintiff and pinning him against a hot metal plate, despite Plaintiff being in clear mental distress and offering no threat that justified such force." *Id*. As a result, Plaintiff suffered second degree burns, skin peeling injuries and a ruptured hernia, causing severe pain and trauma. *Id*.

Body worn camera footage shows that Perez and Abdi told Plaintiff to "stop crying about his injuries and warned that if he did not comply, they would 'take him back,' indicating an intent to cause further harm." *Id*. Upon his arrival at the RJD medical detention area following the incident, Defendant Registered Nurse Chernish "fail[ed] to properly treat" his burns which "resulted in infection and additional suffering." *Id*. "Plaintiff was left untreated for two days, forcing him to call a 'man down' emergency for medical attention when his conditions worsened and his body went into shock." *Id*. Nurse Chernish showed deliberate indifference to his medical needs "by identifying Plaintiff's second-degree burns as mere scratches" on a medical form, and by "delaying proper medical attention, and failing to prescribe necessary medicine or schedule follow-up care." *Id*. As a result, Plaintiff has "suffered infection, severe pain, permanent scarring, and ongoing physical and emotional damage." *Id*.

Plaintiff alleges Defendants violated his Eighth Amendment rights by (1) failing to protect him from harm and ignoring his mental health crisis, (2) using excessive and malicious force against him, (3) failing to provide adequate medical care, and (4) acting with deliberate indifference to his serious medical and psychological needs. *Id*.

**C.    Analysis**

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the plaintiff must allege the prison official had a "sufficiently culpable state of

25-cv-1432-WQH-JLB

mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff first claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when Perez and Abdi held him against a hot metal plate resulting in severe burns, scars, infection, and a ruptured hernia. (ECF No. 8 at 2.) Prison officials may not "use excessive physical force against prisoners." *Farmer*, 511 U.S. at 832. "[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

As the Court found in its prior screening order, *see* ECF No. 7 at 7, Plaintiff's allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Defendants Perez and Abdi, who Plaintiff alleges caused him severe injuries by holding him against a hot metal plate without reason or justification. *Wilhelm*, 680 F.3d at 1123; *Whitley*, 475 U.S. at 319; *Farmer*, 511 U.S. at 832; *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain."). Accordingly, Plaintiff is entitled to have the U.S. Marshal Service effect service of the summons and FAC on Defendants Perez and Abdi. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Plaintiff also alleges Nurse Chernish failed to properly treat his wounds and failed to accurately document them by identifying his "second-degree burns as mere scratches"

on a medical form, and by "delaying proper medical attention, and failing to prescribe necessary medicine or schedule follow-up care," which caused infection. (ECF No. 8 at 2.) "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *Farmer*, 511 U.S. at 835–36 & n.4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

Plaintiff's allegations of inadequate medical care once again do not plausibly show (1) that Chernish was aware of facts from which a reasonable inference could be drawn that the type of medical care Chernish provided posed a substantial risk of serious harm to Plaintiff and (2) that Chernish actually drew such an inference, as opposed to simply providing inadequate or negligent treatment. *Farmer*, 511 U.S. at 837; *see also Estelle*, 429 U.S. at 105–07 (an inadvertent failure to provide medical care, mere negligence or medical malpractice, and differences of opinion over what medical treatment is proper do not state an Eighth Amendment claim); *Iqbal,* 556 U.S. at 678 (noting that allegations showing a "mere possibility of misconduct" do not state a plausible claim for relief).

Plaintiff was informed of these pleading requirements in the Court's prior screening order, *see* ECF No. 7, and has failed to cure them. The Court finds that Plaintiff is unable to cure the defects in his Eighth Amendment claim against Chernish, as he once again merely alleges he received inadequate medical care but fails to allege facts demonstrating deliberate indifference. *See Farmer*, 511 U.S. at 837. The Court declines to provide an additional opportunity to file an amended complaint against Defendant Chernish.

Accordingly, Plaintiff's Eighth Amendment claim against Defendant Chernish is

dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### III.    Conclusion and Orders

IT IS HEREBY ORDERED that all claims against Plaintiff's claims against all Defendants are dismissed *sua sponte* pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and § 1915A(b)(1), except for the Eighth Amendment claims against Defendants Perez and Abdi.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a summons as to Plaintiff's First Amended Complaint (ECF No. 8) for Defendants Perez and Abdi and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk shall provide Plaintiff with certified copies of the First Amended Complaint and summons for use in serving Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. Civ. L.R. 4.1(c), and return the forms to the United States Marshal Service according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

IT IS FURTHER ORDERED that the U.S. Marshal Service shall serve a copy of the First Amended Complaint and summons upon Defendants Perez and Abdi as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS FURTHER ORDERED that Defendants, once served, shall reply to Plaintiff's First Amended Complaint (and any subsequent pleading Plaintiff files in this matter that names Defendants as a party) within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," defendants must respond after the Court has conducted its *sua sponte* screening).

25-cv-1432-WQH-JLB

IT IS FURTHER ORDERED that Plaintiff, after service has been completed by the U.S. Marshal Service, shall serve upon Defendants—or if appearance has been entered by counsel, upon Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). With every original document sought to be filed with the Clerk, Plaintiff must include a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon a Defendant or their counsel may be disregarded.

Dated:  January 20, 2026

Hon. William Q. Hayes
United States District Court

25-cv-1432-WQH-JLB